FILED

JAN 0 8 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § | |
| Plaintiff | § § | SA10CA0010FB |
| v. | § § | CIVIL ACTION NO.: _____ |
| SOUTHWEST REMODELERS, INC., D/B/A SOUTHWEST EXTERIORS | § § § § | |
| Defendants | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW**, Plaintiff Mid-Continent Casualty Company ("Mid-Continent") and files this it's Original Complaint for Declaratory Judgment against Southwest Remodelers, Inc., d/b/a Southwest Exteriors ("Southwest"), and in support thereof will show the Court as follows:

### I.
### PARTIES, JURISDICTION AND VENUE

1.1   Plaintiff Mid-Continent Casualty Company is a corporation duly formed and existing under the laws of the State of Oklahoma. Plaintiff is licensed to conduct business in the State of Texas.

1.2   Defendant Southwest Remodelers, Inc. is a corporation duly formed and existing under the laws of the State of Texas. Defendant's registered agent is Scott Barr who can be served at 2430 Freedom Drive, San Antonio, Bexar County, Texas 78217.

1.3   This is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1332(a). Complete diversity of citizenship existed between Plaintiff and Defendants at the time of filing this suit. The amount in controversy exceeds $75,000, exclusive of interest and costs.

1.4. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the underlying lawsuit and the construction and application of the policies of insurance made the basis of this suit occurred in San Antonio, Texas.

## II.
## FACTS

2.1 This case arises out of a dispute between Plaintiff and Defendant as to the construction of primary general liability policies issued by Mid-Continent to Southwest.

2.2 Defendant Southwest has been named in four underlying lawsuits as follows:

(1) *Domingo Torres v. Southwest Exteriors and Southwest Remodelers, Inc.*, Cause No. 2007-CI-05467 filed in the 224th Judicial District Court of Bexar County, Texas (the "Torres Underlying Lawsuit.").

(2) *Hank Forrest v. Southwest Exteriors, Southwest Remodelers, Inc.*, Cause No. 2007-CI-05464 filed in the 131st Judicial District Court of Bexar County, Texas (the "Forrest Underlying Lawsuit").

(3) *Jane McCarthy v. Southwest Exteriors and Southwest Remodelers, Inc.*, Cause No. 2007-CI-0545 filed in the 150th Judicial District Court of Bexar County, Texas (the "McCarthy Underlying Lawsuit").

(4) *Mary Lou Rodgers v. Southwest Exteriors, Southwest Remodelers, Inc.*, Cause No. 2007-CI-05466 filed in the 166th Judicial District Court of Bexar County, Texas (the "Rodgers Underlying Lawsuit").

2.3 Each suit arises out of claims made by individual homeowners for the defective product known as Tex*Cote or Super-Cote which was allegedly sold and applied to the individual homes by Southwest. The product allegedly comes with a lifetime warranty against

cracking, peeling, chipping and other defects. However, the coating product allegedly cracked, peeled and failed because of the negligent preparation of the surface prior to installing the product and the negligent application of the product. The plaintiffs in each underlying lawsuit allege water damage as a result of the insured's negligence. They also allege negligent misrepresentation, breach of contract, breach of express and implied warranties, violations of the Texas Deceptive Trade Practices Act, fraud and breach of implied warranty of good and workmanlike services.

### III.
### POLICIES

3.1  Plaintiff Mid-Continent insures Southwest Remodelers, Inc., d/b/a Southwest Exteriors under a general liability policy number 04-GL-0000882804, effective 5/4/02 to 5/4/03. Mid-Continent also issued policy number 04-GL-000113412, effective 5/4/03 to 5/4/04. Finally, Mid-Continent issued policy number 04-GL-000546582 to Southwest with a policy period of 5/4/04 to 5/4/05.

3.2  Southwest has demanded that Mid-Continent defend and indemnify it in each underlying lawsuit. Plaintiff is currently providing Southwest with a defense in each suit, subject to a complete reservation of rights under the terms of the policies.

3.3  Plaintiff maintains that it has no duty to defend or indemnify Southwest under the terms of any policy of insurance issued by Mid-Continent. Plaintiff has and will continue to incur substantial costs defending Southwest in each underlying lawsuit. A justiciable case or controversy exists between Mid-Continent and Southwest. Plaintiff seeks a Declaration under the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann. §37.001, et seq. (Vernon 2007) that it has no duty to defend or indemnify Southwest in each of the four underlying lawsuits.

# IV.
# DECLARATORY JUDGMENT

4.1    The Mid-Continent policies contain the following relevant terms, conditions, provisions, exclusions, and endorsements:

SECTION I – COVERAGES[1]

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….

    b.  This insurance applies to "bodily injury" and "property damage" only if:

    (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

    (2)  The "bodily injury" or "property damage" occurs during the policy period, and

    (3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

    d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1)  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

---

[1] Policy GL 546582 was issued with coverage form CG 0001 10 01. Policy GL 882804 was issued with coverage form CG 0057 09 99, which reads exactly the same as CG 0001 10 01.

 (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

 (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2. **Exclusions**

This insurance does not apply to:

 a. **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

 b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement....

 f. **Pollution**

  (2) Any loss, cost or expense arising out of any:

   (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

   (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

 j. **Damage to Property**

"Property damage" to:

  (5) That particular part of real property on which you or any contractors or subcontractors working directly on your behalf are performing operations, if the "property damage" arises out of those operations; or

  (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

    k.    **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

    l.    **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

    m.    **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

    n.    **Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    (1)    "Your product";

    (2)    "Your work"; or

    (3)    "Impaired property";

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**SECTION V - DEFINITIONS**

8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    b.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

b. Your fulfilling the terms of the contract or agreement.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful condition.

16. "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b. Does not include "bodily injury" or "property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

(3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that the products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

21. "Your product"

  a.  Means:

    (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      (a) You;

      (b) Others trading under your name; or

      (c) A person or organization whose business or assets you have acquired; and

    (2) Contains (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

  b.  Includes:

    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    (2) The providing of or failure to provide warnings or instructions.

  c.  Does not include vending machines or other property rented to or located for the use of others but not sold.

22. "Your work"

  a.  Means:

    (1) Work or operations performed by you or on your behalf; and

    (2) Materials, parts or equipment furnished in connection with such work or operations.

  b.  Includes:

    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    (2) The providing of or failure to provide warnings or instructions.

4.2 The Mid-Continent policies include the following endorsements:

ML 12 17 04 01[2]

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

---

[2] Each Mid-Continent policy was issued with ML 12 17 04 01.

## FUNGUS, MILDEW AND MOLD EXCLUSION

This insurance does not apply to:

1. "Bodily injury", "property damage", "personal or advertising injury" or "medical payments" arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to any fungus, mildew, mold or resulting allergens.

2. Any costs or expenses associated, in any way, with the abatement, mitigation, remediation, containment, detoxification, neutralization, monitoring, removal, disposal or any obligation to investigate or assess the presence or effects of any fungus, mildew, mold or resulting allergens; or

3. Any obligation to share with or repay any person, organization or entity, related in any way to items 1 and 2.

CG 22 94 10 01[3]

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – DAMAGE TO YOUR WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF**

Exclusion 1. of **Section I – Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:

**2. Exclusions**

This insurance does not apply to:

1. **Damage to Your Work**

   "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

## HOMEBUILDER

### EXTERIOR INSULATION AND FINISH SYSTEM ENDORSEMENT

### STATE OF TEXAS

B. If so indicated, this insurance does not apply to "Property Damage" arising out of the "Exterior Insulation and Finish System Hazard".

<u>Definition</u>

1. "Exterior Insulation and Finish Hazard" means the design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction, or replacement, of an "exterior insulation and finish system" (commonly referred to as synthetic stucco) or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulkings or sealants in connection with such a system when performed by you or;

---

[3] Policy GL 546582 was issued with CG 2294 10 01.

> Any work or operations with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system" is used on any part of that structure when performed by you or on your behalf.
>
> 2. "Exterior Insulation and Finish System" means;
>
>   a) a rigid or semi-rigid insulation board made of expanded polystyrene or other materials, and
>
>   b) the adhesive and/or mechanical fasteners used to attach the insulation board to the substrate, and
>
>   c) a reinforced base coat, and
>
>   d) a finish coat providing surface texture and color.

4.3   Plaintiff Mid-Continent seeks declaration that the four underlying lawsuits do not allege an "occurrence" resulting in "property damage" as those terms are defined by the subject policies because a claim for cost to repair or replace the insured's own defective work is not a claim for "property damage" resulting from an "occurrence".

4.4   Also, there are no specific dates alleged when the damages actually occurred. There is no coverage for any "property damage" that did not actually occur during the Mid-Continent policy periods.

4.5   Further, Mid-Continent asserts that fraud, negligent misrepresentations, false promises, breach of warranties, breach of contract, DTPA violations, are not "property damage" caused by an "occurrence".

4.6   Further, several relevant policy exclusions and endorsements, including exclusions j.5, j.6, l., and m., for damage to work that is impaired, incomplete, inadequate or otherwise in need of repair, modification or replacement apply to the claims raised in the underlying lawsuits. To the extent any such work was performed by subcontractors and falls within the products-completed operations hazard, Mid-Continent policies exclude coverage for such claims. Exclusion f.(2) excludes pollution of which mold may be classified and

exclusion 2.b. excludes contractual liability. Exclusion k. excludes damage to "your product".

4.7  Each Mid-Continent policy includes endorsement ML 12 17 which excludes fungus, mildew and mold.

## V.
## PRAYER

5.1  For the reasons stated, Plaintiff prays that Defendants be cited to appear herein and that upon trial of this case, Plaintiff's be awarded judgment as follows:

1. A declaration that it has no duty to defend or indemnify Defendant Southwest Remodelers, Inc. in each of the four underlying lawsuits under the terms of the policies issued by Mid-Continent;

2. A declaration that it has no duty to indemnify Defendant Southwest Remodelers, Inc. in each of the four underlying lawsuits under the terms of the policies issued by Mid-Continent;

3. Attorneys fees as provided under the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann. §37.001, et seq. (Vernon 2007);

4. Costs of Court;

5. All such other and further relief to which Plaintiff may show itself justly entitled.

PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT                    PAGE 11
D/755564.1

Respectfully submitted,

COOPER & SCULLY, P.C.

By: _____
R. BRENT COOPER
State Bar No. 04783250
**TIMOTHY MICAH DORTCH**
State Bar No. 24044981

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:(214) 712-9500
Facsimile:(214) 712-9540

**ATTORNEY FOR PLAINTIFF
MID-CONTINENT CASUALTY
COMPANY**